J. Seoane & Co., Sucrs. *S. en C.*, Plaintiff and Appellant, *v.* Encarnación Hernández, *et al.*, Defendants and Appellees.

No. 6898. Argued March 4, 1937.—Decided July 23, 1937.

*Antonio L. López* for appellant. *M. Rodríguez Alberty* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

J. Seoane & Co., Successors, a limited mercantile partnership, sued Encarnación Hernández and her children Generoso, Etelvina, Alfonso, and Jacinto Zayas, praying for a jugment to declare a certain deed executed by the defendants which they waved their rights on certain rural property, null, because the deed had been executed to defraud the plaintiff, their creditor.

As a basis for its petition it alleged in substance that the first four defendants on August 6, 1928, signed as solidary debtors and delivered to the plaintiff in its favor or order a promissory note for value received for $500, and interest in case of default at the rate of one per cent monthly, which would mature on November, 1928; that they paid $100 on account, and failing to pay the balance, the plaintiff brought an action against them on August 14, 1930, and obtained a

judgment in its favor on October 21, 1930, which judgment is unappealable, and that the plaintiff tried to execute said judgment on properties of the debtors and found that they had no properties.

It also alleged in its complaint that the first four defendants together with the fifth and last composed the succession of Maximino Zayas, who died in Cayey in 1928, the first one being his widow and the other his children. That during his marriage Maximino Zayas acquired by purchase a property of 17 acres (*cuerdas*) in the ward of Beatriz of Cayey, which property was kept free of liens until his death; that Maximino Zayas in his will left to his son the defendant Jacinto the said property as an extra portion; that as said property belonged to the conjugal partnership, in order to enforce the will it was necessary to liquidate the conjugal partnership which had been dissolved by the death of its partner the testator, and this was never done, and that as the defendants knew that the will by itself was not sufficient to give the ownership of the whole property to Jacinto, by a deed of August 30, 1930, the first four waived in favor of the latter their rights to the property, by mere liberality and without any consideration, which waiver was equivalent to a free gift and that when this was done, leaving the first four defendants in a state of insolvency, said defendants had already been notified of the complaint to recover on the promissory note.

The defendants answered admitting the existence of the promissory note, the existence of the suit brought to recover on the same and the deed of waiver executed on August 29, 1930, and not on the 30th, but denied that said act constituted a fraudulent donation, alleging that they always had other properties with which to pay their creditors.

The case went to trial. The plaintiff offered documentary and oral evidence. Amongst the former there is a certificate issued by the Registrar of Property of Guayama which refers to various records of the property in question, and the sixth record which was made in favor of the defendant Jacinto

Zayas shows, that Maximino Zayas died on December 24, 1927, under a will executed before a notary the same year, by which will the property was left to Jacinto as an advantage or extra portion, and his widow and his children were made his universal heirs in the remainder of his property, that said heirs stated in an aclaratory deed executed before a notary on August 29, 1930, that by their own will and in view of the fact that the widow lived on the property, and that this had been the last wish of the testator, they waived any rights which they as heirs might have on the property.

The oral evidence of the plaintiff consisted in the statements of its partner Rafael López and its attorney, Antonio L. López. The former testified that he demanded from the debtors payment of the promissory note, that he went on the property in question and one of them, Generoso, told him that that was the only property they had and that they had given it to their brother, and the latter, after stating that he had made an investigation which disclosed that the only heirs of the defendant, Mrs. Encarnación Hernández, who died while the suit was pending, were her children the other defendants, Generoso, Etelvina, Alfonso, and Jacinto Zayas, on cross examination by the defendants answered:

". . . That he did not remember whether he acted as the attorney for Seoane in said municipal court; that he does not know whether J. Seoane & Co. had attached at some time properties in said case; that he did not remember whether an order of attachment was issued. That the witness went to the Registry and made a search and found no properties recorded in the name of any of the defendants, the Zayas, that is, since 1930; that they had no properties, and they have none at present; that properties appeared belonging to a partnership, as contributed to a partnership constituted by them; that no attachment was made of properties of said partnership; that there were no private properties."

The defendants offered in evidence the notarial deed of August 29, 1930, a deed creditive of the sale of a parcel of land of five acres made on June of 1930 by the defendant

Encarnación Hernández in favor of Miguel Rodríguez for the price of $400, the will of Maximino Zayas, the record of suit No. 9262 begun on December 19, 1930, against the heirs of Maximino Zayas in the District Court of Guayama to recover a mortgage debt in which suit ultimately four properties were adjudicated to the creditors for the price of $2,640, the suit requesting judicial authorization to lease to the agricultural partnership Zayas the joint ownership of the minor defendant, Jacinto, for an annual rental of $350, which suit began and was decided in June, 1930, and the record as to partition of property held in common from which it appeared that Etelvina Zayas, one of the defendants in this case, had a joint and undivided ownership with her daughter Dora in a house situated on lands of the heirs of Zayas, which suit was begun in 1934.

As a witness, their attorney, Miguel Rodríguez, testified in his favor. He acknowledged a private document by which the defendant Encarnación Hernández, in 1931, leased a property of three and a half acres to Manuel Morales and said:

". . . . That at the suggestion of the former attorney for the heirs of Zayas, Benigno Fernández García, in order to make clear the will of the testator, Maximino Zayas in so far as the advantage or extra portion of his son Jacinto was concerned, he drafted the aclaratory deed of August 29, 1930, which has been referred to, that at the suggestion of the Registrar of Property of Guayama, P. R., and later by a writing of the following day, August 30, 1930, he asked for the record of said deed in order to record and identify the property by its boundaries so that it could be mortgaged later, as it was mortgaged, in order to pay a legacy to María Luisa Santiago, who had brought a suit against the heirs of Zayas; that by means of said aclaratory deed the property was identified and the boundaries were made clear, and also certain rights, if any, were waived, in the hypothesis that the area could not fit in the one third of free disposition of which the will itself speaks. That that was the participation of the witness in the aclaratory deed, which he felt it was his duty as a notary to explain, as the nullity of said deed was requested as being fraudulent, when as a fact only the boundaries were made clear."

Based on the allegations and the evidence the court dismissed the complaint. The plaintiff feeling aggrieved took an appeal. In its brief it charged the lower court with the commission of two errors; the first was committed, in its judgment, in deciding that the donation contained in the deed of August 29 was not executed to defraud their creditor and the second in failing to compel the defendants to pay the costs jointly. It is clear that if the former was not committed, we do not have to refer again to the latter.

In making its assignment of errors the appellant starts from the basis that the acts performed by the first four defendants in waiving their rights to the property in question constituted a gratuitous donation, which action complementing any failure of the testamentary disposition of Maximino Zayas in giving to his youngest son the other defendant Jacinto, an advantage or extra portion, caused the record of the property in the registry in favor of the latter, and admitting this to be so, although without deciding it, that is, placing ourselves in the condition most favorable for the appellant, we think, however, that the judgment appealed from should not be reversed.

It is true that Section 585 of the Civil Code (1930 ed.) provides:

"Section 585.—Should there be no stipulation as to the payment of debts the donee shall be liable for them only if the gift has been made to defraud creditors.

"The gift shall always be presumed as having been made to defraud creditors when, at the time of bestowing it, the donor has not reserved to himself property sufficient to pay the debts contracted prior thereto."

And that Manresa commenting on a similar provision of the Spanish Civil Code, states:

"The presumption of Section 643 when a gift is made, even though more or less disguised, can not be more just. Debts must be paid before gifts may be made. A person who makes a gift and does not keep sufficient property to pay his debts, prejudices his

creditors, either by trying to defraud them, or by favoring one to whom he is not indebted. It is only just that the law prefers the right of the creditors to that of the donee, since the latter only fails to gain while the former takes a real and effective loss." 5 Manresa, Commentaries on the Spanish Civil Code, page 148, 5th Edition.

But if we examine the evidence to which we have referred, in accordance with the law and in the light of said Commentaries, we will find that the evidence of the plaintiff does not show in a clear manner that when the debtors made a gift of their rights to the property in question, that they did not keep sufficient properties to pay the four hundred dollars which they owed to the plaintiff, and we will also find that the evidence of the defendants tends to show that as a matter of fact at the date of the donation they had sufficient properties to pay the debt to the plaintiff, and that if the latter did not collect the same it was due to its lack of diligence.

And as this is the result of the evidence, we cannot annul the gift which does not even suggest fraud but is explained perfectly by what is mentioned in the deed of August 29, 1930, to wit; to have the older children make effective the intent of the father which was solemnly expressed in his will and to guarantee to the mother and to the minor brother a home where they could continue to live.

The appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.